DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant to be a habitual sex offender pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"Sole Assignment of Error
 "Pursuant to the Ohio Constitution, R.C. § 2950.09 Et. Seq. is Unconstitutional."
The facts that are relevant to the issues raised on appeal are as follows. On February 13, 1987, appellant was indicted on two counts of rape in case no. CR87-5268. On April 8, 1987, appellant entered a guilty plea to one count of attempted rape in case no. CR87-5268 and a guilty plea to one count of sexual battery in case no. CR87-5634. The trial court accepted both pleas and, on April 23, 1987, imposed sentence for both convictions. On April 29, 1999, appellant was transported from prison to the trial court for a hearing to determine his status as a sex offender in both cases. In a judgment entry filed April 30, 1999, the trial court found appellant to be a habitual sex offender pursuant to R.C. 2950.09(E). Appellant filed notices of appeal from the trial court's judgments in cases no. CR87-5268 and CR87-5634, and on June 10, 1999, the two cases were consolidated for purposes of this appeal.
In his sole assignment of error, appellant asserts that R.C. 2950.01 et seq. is unconstitutional because it is unduly oppressive upon individuals. Appellant argues that the statute interferes with his right to privacy, subjects him to needless harassment and interferes with his right to protect his property. The Supreme Court of Ohio recently addressed such challenges to the constitutionality of R.C. 2950.09 in State v. Williams (2000), 88 Ohio St.3d ___. In Williams, the court considered whether the sexual predator statute violates Section 1, Article I, of the Ohio Constitution by impinging upon the "natural law" rights of privacy, favorable reputation, the acquisition of property and the ability to pursue an occupation. Williams notes that Ohio courts have never held the rights of property or rights of liberty to be completely free of governmental restraint and that those "natural law" rights at times yield to governmental intrusion when necessary for the public good. 88 Ohio St.3d at ___. "Natural law" rights,Williams notes, are of no legal force in and of themselves. Id.
Williams further states that the language in Section 1, Article I, of the Ohio Constitution is not an independent source of self-executing protections. "Rather," Williams comments, "it is a statement of fundamental ideals upon which a limited government is created. But it requires other provisions of the Ohio Constitution or legislative definition to give it practical effect. This is because its language lacks the completeness required to offer meaningful guidance for judicial enforcement."Id. at ___. Finally, Williams held that R.C. 2950 does not violate a convicted sex offender's right to privacy, right to acquire or protect property, right to pursue an occupation or right to a favorable reputation, Id. at ___ to ___, and that R.C. 2950 "* * * is reasonable legislation because, although it impacts the lives of convicted sex offenders, the statute addresses legitimate governmental interests without a detrimental effect on individual constitutional rights." Id. at ___.
Based on the foregoing, this court finds that R.C. 2950 et seq.
is not unconstitutional and the trial court did not err by finding appellant to be a habitual sex offender. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 MELVIN L. RESNICK, J., JUDGE, JAMES R. SHERCK, J.
JUDGE, RICHARD W. KNEPPER, P.J., JUDGE, CONCUR.